Opinion filed December 21, 2006 
















 
 
  
 
 







 
 
  
 
 




Opinion filed December 21, 2006 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00135-CR 

                                                    __________

 

                                RONNIE
WAYNE MORRIS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                         Midland
 County, Texas

 

                                                 Trial
Court Cause No. CR29273

 



 

                                                                   O
P I N I O N

The trial court convicted Ronnie Wayne Morris,
upon his plea of guilty, of aggravated assault with a deadly weapon.  Appellant entered a plea of true to one of
the enhancement allegations.  The trial
court assessed punishment at confinement for ten years.  We affirm.

Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  








Counsel presents two potential points suggesting
that the trial court erred by not conducting sua sponte a hearing on appellant=s competency and that trial counsel
failed to provide effective assistance of counsel.  We agree with appellate counsel that neither
the record before this court nor the applicable law support these points.

The record reflects that, after a jury was
selected, appellant waived his right to a jury trial and entered a plea of
guilty.  The trial court proceeded to
admonish appellant concerning his plea of guilty and specifically asked
appellant if he had ever been under the care of a psychiatrist or if he had
ever had a serious head injury. 
Appellant answered no to both questions. 
Appellant also stated that he understood the proceedings before the
court.  Trial counsel informed the trial
court that he had Aevery
reason to believe@ that
appellant understood what was happening. 
Nothing in the record supports the potential argument that the trial
court erred by failing sua sponte to conduct a competency hearing.

The record does not support the potential point of
error that appellant received ineffective assistance of trial counsel.  In fact, the record reflects that trial
counsel provided reasonably effective assistance.  Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v. Washington, 466 U.S.
668 (1984); Andrews v. State, 159 S.W.3d 98 (Tex. Crim. App. 2005); Hernandez v.
State, 988 S.W.2d 770 (Tex. Crim. App. 1999).  Further, the record does not reflect that
counsel=s
representation was not within the range of competence demanded of attorneys in
criminal cases or that there is a reasonable probability that, but for counsel=s error, appellant would have not
pleaded guilty. Hill v. Lockhart, 474 U.S. 52 (1985); Kober v. State,
988 S.W.2d 230, 232 (Tex. Crim. App. 1999); Ex parte Morrow, 952
S.W.2d 530 (Tex. Crim. App. 1997).

Counsel has provided appellant with a copy of the
brief and advised appellant of his right to review the record and file a
response to counsel=s
brief.  A response has not been
filed.  Court-appointed counsel has
complied with the requirements of Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland 2005, no pet.).








The motion to withdraw is granted.  We note that counsel has the responsibility
to advise appellant that he may file a petition for discretionary review by the
Texas Court of Criminal Appeals.  Ex
parte Owens, No. AP-74996, 2006 WL 2619989 (Tex. Crim. App. Sept. 13, 2006).  Likewise, this court advises appellant that
he may file a petition for discretionary review pursuant to Tex. R. App. P. 66.

The judgment is affirmed.

 

PER CURIAM

 

December 21, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.